**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | | **3:17-CR-275** |
| | : | |
| v. | | |
| | : | **(JUDGE MANNION)** |
| **ORLANDO HERNANDEZ,** | : | |
| **Defendant** | : | |

**MEMORANDUM**

**I.   BACKGROUND**

On November 5, 2020, defendant Orlando Hernandez, formerly an inmate at USP-Hazelton, West Virginia, filed, *pro se*, a Motion for Compassionate Release from prison and request for a reduction in his sentence under 18 U.S.C. §3582(c)(1)(A), based on the COVID-19 pandemic. (Doc. 70). Specifically, as relief, defendant requested the court to reduce his sentence by four months and terminate early the remainder of his 15-months' prison sentence, and to order his immediate release from prison.

On August 24, 2018, Hernandez pled guilty to a one-Count indictment charging him with Assaulting a Corrections Officer while he was confined at USP-Canaan, in violation of 18 U.S.C. §111(a).

On July 30, 2019, the Court imposed a sentence of 15 months' incarceration on Hernandez, which ran consecutive to the Southern District of Florida sentence he was already serving at USP-Canaan. (Doc. 66). The

court did not impose any term of supervised release in addition to the term defendant was ordered to serve regarding his Southern District of Florida sentence.

On November 19, 2020, the government responded to defendant's motion, arguing in part, that it should be dismissed without prejudice for lack of jurisdiction due to defendant's failure to exhaust his BOP administrative remedies. (Doc. 72 & 72-1).

On December 4, 2020, defendant filed his reply brief. (Doc. 76).

After defendant's motion was briefed by the parties, and while it was pending with the court, defendant was released from prison by the BOP on March 30, 2021. *See* bop inmate locator, available at https://www.bop.gov/inmateloc/# (last visited April 19, 2021).

## II.    DISCUSSION

The question that arises here is whether defendant's instant motion is now moot since he has served his prison sentence and was released from confinement by the BOP. "A federal court must resolve a question of mootness before it assumes jurisdiction." Goins v. United States, 2019 WL 3084244, *4 (E.D. TN. July 15, 2019) (citation omitted). "Mootness deprives a court of its 'power to act; there is nothing for [it] to remedy, even if [it was] disposed to do so.'" *Id*. (citation omitted).

"Under Article III of the Constitution, a federal court may adjudicate 'only actual, ongoing cases or controversies.'" Burkey v. Marberry, 556 F.3d

142, 147 (3d Cir. 2009) (citation omitted). "The 'case or controversy' requirement continues through all stages of federal judicial proceedings and requires that parties have a personal stake in the outcome." Reyes v. Federal BOP, 2019 WL 4302964, *1 (D. N.J. Sept. 11, 2019) (citing Burkey, 556 F.3d at 147). "For there to remain a case or controversy, there must be a likelihood that the petitioner's injury would be redressed by a District Court's grant of his habeas corpus petition." *Id.* (citing Burkey, 556 F.3d at 150).

"[Defendant] has been released from BOP custody, presumably onto the supervised release portion of his sentence." *Id*. Thus, the court cannot order the BOP release him from prison to home confinement to serve the remainder of his sentence as he requests since he "has completed his period of incarceration and is no longer in BOP custody." *Id*.

"In Burkey, the Third Circuit affirmed the district court's determination that a §2241 petition challenging a prison disciplinary hearing was moot after the petitioner was released from BOP custody onto supervised release." *Id*. at *2 (citation omitted). "The [Third Circuit] reasoned that petitioner's sentence had expired and that delayed commencement of a 'validly imposed term of supervised release' is insufficient to be a 'continuing injury' to avoid mootness after release from BOP custody." *Id*. (citing Burkey, 556 F.3d at 148).

In his motion for compassionate release, defendant only seeks the court to reduce his sentence and to direct the BOP to release him from prison

and, thus, there is no longer a live case or controversy based on defendant's March 30, 2021 release from prison. *See id*.

As such, the court will dismiss defendant Hernandez's motion for compassionate release as moot. *See* Goins, 2019 WL 3084244, *5 ("Because the commutation of Petitioner's sentence and his unconditional release from that sentence 'makes it impossible for the court to grant [him] any effectual relief whatever,' this Court concludes that the [] motion, …, is moot and that the Court lacks jurisdiction over the motion." (internal citations omitted).

### III.   CONCLUSION

Defendant Hernandez's Motion for Compassionate Release and for immediate release from confinement, **(Doc. 70)**, will be **DISMISSED AS MOOT**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: April 20, 2021**
17-275-01